851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Lawrence CLARK; Robert Tyrone Morgan; Shadid Tamir
Abdul Rahim, Defendants-Appellants.
In re Robert Tyrone MORGAN, Petitioner.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Lawrence CLARK; Robert Tyrone Morgan; Shadid Tamir
Abdul Rahim, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Lawrence CLARK; Robert Tyrone Morgan; Shadid Tamir
Abdul Rahim, Defendants-Appellants.
 Nos. 87-7188, 87-8043, 88-7057 and 88-7058.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1988.
Decided: July 5, 1988.
 
 Gilbert Lawrence Clark, appellant pro se.
 Max Higgins Lauten (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gilbert Clark, Shadid Tamir Abdul Rahim, and Robert Morgan, federal inmates, appeal from the district court's denial of their Fed.R.Crim.P. 33 motions for new trial and associated motions for discovery and appointment of counsel and from the denial of Morgan's Fed.R.Crim.P. 41(e) motion for return of property. They have also filed a petition for a writ of mandamus to compel the district court to transmit the complete record on appeal. For the reasons discussed below, in Nos. 87-7188, 88-7057, and 87-7058, we affirm the judgment of the district court. In No. 87-8043, we grant leave to proceed in forma pauperis and deny the mandamus petition.
 
 
 2
 As an initial matter, we conclude that the district court erred in not granting the appellant's motion to extend the time to appeal on the basis of excusable neglect. Their notice of appeal was filed one day after the ten-day appeal period expired on April 20, 1987. However, the postmark on the envelope indicates the notice was mailed on April 16, 1987. This five-day mailing delay constitutes excusable neglect. United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 373 U.S. 857 (1985). Accordingly, we treat appellants' notice of appeal as timely filed and decide the appeal on the merits.
 
 
 3
 The basis for appellants' new trial motions is that the prosecution suppressed the rough notes of F.B.I. agent Kent Stout's interview with witness Douglas Bell. The appellants contend that these rough notes, which they claim could have been used to impeach Bell's testimony at a suppression hearing, constitute newly discovered evidence meriting the grant of a new trial. There are at least three reasons why these motions were properly denied.
 
 
 4
 First, as noted by the district court, the evidence is not newly discovered. The appellants were aware of the existence of the rough notes before trial. In fact, Rahim's counsel, acting pursuant to an informal discovery agreement, requested that the prosecution turn over copies of the rough notes. Though the appellants were aware that the prosecution would likely take the position that these notes were not discoverable and would, therefore, not provide them under the discovery agreement, they failed to file a motion for discovery to allow the district court to pass on their entitlement to these notes. Given appellants' knowledge of the existence of the evidence and their lack of diligence in seeking to procure it, we cannot conclude the evidence is newly discovered.
 
 
 5
 Second, even if the prosecution had some duty under Brady v. Maryland, 373 U.S. 83 (1963) or the Jencks Act, 18 U.S.C. Sec. 3500, to provide the rough notes, we hold that the failure to do so in this instance was harmless error. Appellants concede that the information contained in the rough notes is substantially identical to the information contained in agent Stout's formal 302 report which was turned over to the defense. This Court has held that where allegedly exculpatory material sought under Brady or the Jencks Act was essentially a duplication of evidence made available to the defendants prior to trial, any error in failing to produce it was harmless. United States v. Trong Dinh Hung, 667 F.2d 1105 (4th Cir.1981), cert. denied, 454 U.S. 1144 (1982).
 
 
 6
 Finally, the appellants contend that the 302 report is not an adequate substitute for the rough notes even though the two contain identical information because the rough notes were taken contemporaneously with Bell's statement and would, therefore, be a more powerful impeachment weapon than the report which was prepared sometime later. This argument is unpersuasive. In United States v. Bagley, 473 U.S. 667 (1985), the Supreme Court held that nondisclosed evidence is not material unless there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. In this case, defense counsel did cross-examine Bell on the discrepancy between his testimony and his statement recorded in the 302 report. Since the rough notes differed from the 302 report only in their "contemporaneousness," there is no reasonable probability their introduction would have altered the outcome of the suppression hearing, especially since there was no evidence introduced that the 302 report was not an accurate record of Bell's statement to Stout. For all these reasons, we conclude that the Rule 33 motions are without merit and were properly denied.
 
 
 7
 Next, we affirm the denial of Morgan's Rule 41(e) motion and appellants' discovery and appointment of counsel motions on the reasoning of the district court.
 
 
 8
 Finally, we deny appellants' petition for a writ of mandamus since this Court has, on its own motion, supplemented the record on appeal with all those portions of the district court record necessary to decide the issues on appeal.
 
 
 9
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 10
 AFFIRMED.